**PROVIDENT LIFE AND ACCIDENT IN-SURANCE COMPANY, a Corporation,**

v.

**C. F. KNIGHT DRUG COMPANY, a Corporation.**

**No. 70 C 276(4).**

United States District Court, E. D. Missouri, E. D.

Aug. 20, 1971.

Memorandum and Additional Findings of Fact Oct. 4, 1971.

Fordyce, Mayne, Hartman, Renard & Stribling, St. Louis, Mo., for plaintiff.

J. Kehlor Carr, Jr., Clayton, Mo., for defendant.

## MEMORANDUM

WANGELIN, District Judge.

This is an action to recover rent allegedly owed the plaintiff by the defendant. Plaintiff, Provident Life & Accident Insurance Company is a corporation organized and existing under the laws of Tennessee with its principal place of business in Chattanooga, Tennessee. Defendant C. F. Knight Drug Co. is a Missouri corporation with its principal place of business in St. Louis, Missouri. The amount in controversy, exclusive of costs and interests, exceeds $10,000.00 thereby establishing jurisdiction based upon 28 U.S.C. § 1332.

The matter was heard by the Court and the following facts were established.

In June, 1961, one of plaintiff's predecessors and the defendant entered into a written lease for store space and the basement thereunder in the Lister Building, located at 4500 Olive Street, St. Louis, Missouri, for a term of ten years commencing on the first day of April, 1962, and ending with the 31st day of March, 1972, at an annual rental of $14,000.00 payable in monthly installments on the first day of each month as follows: commencing with the first day of April, 1962, on the first day of each of the first eleven months of each year of said term, $1,166.66; and on the first day of the twelfth month of each year of said term, $1,166.74.

The defendant was in possession of the leased premises at the commencement of the lease and remained in possession until on or about June 27, 1970. The defendant failed to pay the monthly rental installments due under the lease on the first day of February, 1970, and the defendant has not paid any subsequent monthly rental installments.

Notwithstanding the defendant's failure to pay the monthly rental payments, the defendant contends that no rental payments are owing to the plaintiff for the reason that plaintiff constructively evicted the defendant by failing to maintain the premises in a tenantable condition. In support of that contention, evidence was adduced which tended to show that the heat in the premises was inadequate; there was a crack in the ceiling of the waiting room which exuded foul smelling sewage; that the paint was peeling; that the ladies' restroom was filthy; and the entrance was unkempt.

On January 15, 1970, the defendant notified the plaintiff by letter that defendant claimed that the plaintiff had constructively evicted the defendant by reason of plaintiff's failure to adequately heat the premises and that the defendant intended to vacate the premises on or before July 1, 1970. Plaintiff denied the constructive eviction and made demands for the payment of rent.

The Court finds that on or before the 15th day of January, 1970, the premises became untenantable for the use anticipated by the lease and the parties thereto at the time the lease was executed, in that there was insufficient heat in the premises. The lack of heat interfered with the defendant's use of the premises for storage and sale of drugs and pharmaceuticals and kindred lines. The Court finds that under and by the provisions of the lease the plaintiff-lessor agreed to keep in repair the roof and outside walls of the premises and that plaintiff failed to do so, in that the walls leaked and continued to leak from and during 1967 and 1968, up to and including January 15, 1970. The premises flooded in 1969.

■ Constructive eviction is a breach of the lease contract. In Yaffe v. American Fixture, Inc., 345 S.W.2d 195, 197 (Mo.1961) the Missouri Supreme Court quoted Bennett, Law of Landlord and Tenant:

"Any obstruction by the land-lord of the beneficial enjoyment of the demised premises or any diminution of the consideration of the lease contract short of actual ouster may constitute constructive eviction."

■ It is the opinion of the Court that plaintiff's failure to furnish heat was in direct violation of the provisions of the lease, and that due to the plaintiff's failure to comply with the provisions of the lease there was a constructive eviction. Yaffe v. American Fixture, Inc., *supra*.

The defendant paid rent for the month of the constructive eviction, January, 1970. However, defendant remained in possession of the premises during the months February, March, April, May and June. Plaintiff contends that by holding over the defendant waived the constructive eviction.

In discussing the defendant's right to abandon the premises after constructive eviction in the *Yaffe* case, the Missouri

Supreme Court quoted *American Law on Property*, § 3.51:

> "Constructive eviction requires a substantial interference with possession or enjoyment, and the tenant must abandon the premises within a reasonable time. The basis of the latter requirement would seem to be waiver. So under particular facts it may be reasonable for the tenant to abandon the premises when a comparatively long period of time has elapsed since the initial interference, as where there is reliance on a promise of the lessor or where it is impossible for the tenant to move." *Yaffe v. American Fixture, Inc., supra* at 197–198.

■ In the present case, the five-month period of holding over is unreasonable. Defendant did not rely on any promises of the plaintiff to correct the inadequacies and defendant did not convince the Court that it was impossible for it to move. Accordingly, the Court finds that the defendant, by holding over, after declaring a constructive eviction and so notifying the plaintiff, is liable to the plaintiff for the monthly rental payments for the five months held over at the regular rental as provided by the lease: $1,166.66 for each of the months February, April, May and June; and $1,166.74 for the month of March; a total amount of $5,833.38 plus interest at the rate of 6% per annum.

## MEMORANDUM AND ADDITIONAL FINDINGS OF FACT

This matter is before the Court on plaintiff's motion for additional findings of fact and amendment of judgment pursuant to Rules 52(b) and 59(e), Federal Rules of Civil Procedure. This motion concerns the Memorandum Opinion and Judgment filed by this Court on August 20, 1971, after trial and consideration of this case.

Briefly stated, in its Memorandum Opinion and Judgment, the Court found that plaintiff (landlord) permitted untenantable conditions to exist in the premises leased and occupied by defend-

ant as a retail pharmacy and warehouse. The Court further found that defendant declared on January 15, 1970, that a constructive eviction had occurred and gave notice to plaintiff that it would vacate the premises on or before June 27, 1970. The Court found that the period of five months held over by the defendant was not reasonable so as to excuse the payment of rent therefor and held that defendant was liable to plaintiff during the period held over for the rent provided under the said written lease, namely $5,833.38.

Counsel for plaintiff candidly informed the Court during oral argument on the pending motion that the additional findings of fact sought by plaintiff are believed necessary in order to effectuate a reversal without remand on appeal. The Court has considered carefully the plaintiffs' motion and memorandum in support, and has re-examined the pleadings, Agreed Statement of Fact, and the the matters presented at trial. In an effort to expedite plaintiff's appeal, and to clarify the bases of this Court's Memorandum Opinion and Judgment filed August 20, 1971, the Court makes the following findings and amends Judgment accordingly. Over a period of years the plaintiff permitted and allowed the leased premises to attain such a state of disrepair that the condition of said premises was clearly untenantable. Defendant so notified plaintiff on January 15, 1970.

Throughout the spring of 1970, the defendant attempted to negotiate with plaintiff concerning repairs, but was unsuccessful and the untenantable conditions continued to exist. In fact, evidence was adduced to indicate that the untenantable conditions worsened.

Defendant did not again notify plaintiff in writing subsequent to January 15, 1970, that it was declaring itself constructively evicted. However, plaintiff was aware of defendant's contention that it was being so evicted on a continuing basis. (Exhibits C and D of Agreed Statement of Fact)

The Court concludes that defendant was not forever barred from vacating the premises with impunity by holding over five months from the date of the initial notice to plaintiffs. The atrocious conditions of the premises continued and worsened during the five month period and plaintiff did absolutely nothing to rectify the situation. The Court specifically finds that defendant acted reasonably in vacating the premises on June 27, 1970, as a result of the existing untenantable condition of the premises.

The Court is of the opinion, however, that that the period held over is an unreasonably long period for which to excuse the rental payments in the circumstances of this case. Defendant could not reasonably have expected to remain in possession for that length of time rent-free, and is liable to plaintiff for the rental payments as set out in the Memorandum Opinion and Judgment filed August 20, 1971.

Plaintiff, in its motion, has requested this Court to make three specific findings of fact. With respect thereto the Court makes the following findings.

1. By letters dated February 26, 1970, and March 5, 1970, (Exhibit C and D of Agreed Statement of Fact), plaintiff expressly refused to acquiesce in defendant's claim of constructive eviction. That fact is given little weight by this Court in light of plaintiffs' simultaneous conduct in refusing to negotiate with defendant on the matter of the obvious need of repairs.

2. Plaintiff did not accept the surrender of the leased premises.

3. Plaintiff did not diligently endeavor to relet the premises as the agent for defendant in an effort to mitigate defendants' damages.

Accordingly, it is hereby ordered that plaintiffs' motion for additional findings of fact and amendment of judgment is granted insofar as it conforms with this Memorandum and Additional Findings of Fact; and is denied in all other particulars.